IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO.: 3:22-00344-MGL-1 |
| | ) | |
| vs. | ) | |
| | ) | **GOVERNMENT'S RESPONSE IN** |
| **DAEJA BRYANA HODGE** | ) | **OPPOSITION TO DEFENDANT'S APPEAL** |
| | ) | **OF MAGISTRATE JUDGE DECISION** |
| | ) | |

On April 26, 2022, a federal grand jury sitting in the District of South Carolina returned a four-count indictment against Defendants Daeja Bryana Hodge ("Hodge") and Kelsey Antonio McCallum ("McCallum"). ECF No. 3. The indictment charged Hodge with one count of conspiring to make false statements to acquire firearms from licensed firearm dealers and to deal in firearms without a license, in violation of 18 U.S.C. § 371; and three counts of lying on ATF form 4473, in violation of 18 U.S.C. §§ 922(a)(6), 924(a)(2). ECF No. 3. Following her arraignment on these charges, in May 2022, the Court set a bond for Hodge.[1] ECF Nos. 28, 29, 30.

On April 21, 2023, Hodge filed a motion to modify the conditions of her bond to allow her to travel to Baltimore, Maryland for the funeral of a cousin; the Government objected to the requested modification of Hodge's bond.[2] ECF No. 120. The Court denied Hodge's motion. ECF No. 122. Hodge appealed the Magistrate Judge's ruling denying Hodge's requested modification of bond. ECF No. 123. The Government now files this brief response in opposition to Hodge's appeal.

---

[1] It is worth noting that the Government originally moved for Hodge's detention. ECF No. 21. The Government subsequently withdrew its motion for detention in light of Hodge's personal circumstances at the time of arraignment. *See* ECF No. 28.

[2] Hodge had earlier filed a motion to amend the conditions of her bond to allow her to travel to Baltimore, Maryland to attend a baby shower; the Government likewise opposed that modification. ECF No. 81. The Court granted Hodge's earlier motion. ECF No. 83.

The district judge reviews *de novo* the magistrate judge's order denying modification of bond. *See United States v. Clark,* 865 F.2d 1433, 1435 (4th Cir. 1989).

In this case, Hodge's charges stem from her involvement with McCallum in a firearms conspiracy. In summary, the evidence in this case shows that Hodge purchased firearms from federal firearms licensees ("gun stores") in South Carolina, lying on ATF form 4473 by indicating she was the true buyer when she was not. Hodge would then sell the firearms to others or transfer them to McCallum. Hodge and McCallum were effectively running a gun store without the required license. A number of the firearms purchased by Hodge and/or McCallum were recovered from crime scenes in the Baltimore, Maryland area. Hodge and McCallum have purchased over 100 firearms in the last five or so years.

Because the Baltimore, Maryland area is so intertwined with the activity that is the basis of the charges in this case (as the location for which the firearms Hodge and McCallum straw purchased were destined/the location where those firearms ultimately ended up), the Government believes that Ms. Hodge's request to travel to Baltimore presents a danger to the community, which weighs against the requested modification of her bond. *See* 18 U.S.C. §§ 3142, 3145. Accordingly, the Government opposes Hodge's appeal.

    Respectfully submitted,

    ADAIR F. BOROUGHS
    UNITED STATES ATTORNEY

    By:   /s/*Katherine Hollingsworth Flynn*
          Katherine Hollingsworth Flynn
          (Fed ID: 13103)
          Assistant United States Attorney
          401 West Evans Street
          Florence, South Carolina 29501
          Katherine.Flynn@usdoj.gov

April 25, 2023